FILED
United States Court of Appeals
Tenth Circuit

November 27, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JONATHAN A. KASPER,

     Petitioner-Appellant,

v.

AL ESTEP, Warden;
COLORADO ATTORNEY GENERAL,

     Respondents-Appellees.

No. 07-1289

(D.C. No. 05-cv-973-WDM-MEH)
(D. Colorado)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

---

Jonathan Kasper, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief. Because Kasper has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

In July 1993, Kasper was convicted in Colorado state court of felony murder and

several related charges and sentenced to life in prison. The Colorado Court of Appeals

(CCA), in affirming Kasper's convictions and sentence on direct appeal, succinctly

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

summarized the underlying facts of his case:

> [Kasper] entered a former neighbor's house on the pretext of using her telephone. He then bludgeoned her to death, ransacked the house, and fled. When later arrested and questioned by the police, [Kasper] first denied any involvement. But when informed of the physical evidence implicating him, he confessed that he had gone to the victim's house with the intent to rob her, but blamed the actual killing on a companion. At trial, he admitted killing the victim, but claimed that he had acted in self defense and that he formed the intent to search her house for money only after he killed her.

State v. Kasper, Nos. 94CA0012 and 94 94CA0015, slip op. at 1 (Colo. Ct. App. Feb. 16, 1995). The Colorado Supreme Court (CSC) denied Kasper's petition for writ of certiorari on August 28, 1995, and the CCA issued its mandate on September 26, 1995.

On or about May 31, 1996, Kasper filed a motion with the state trial court seeking postconviction relief pursuant to Colo. R. Crim. P. 35(c). In his motion, Kasper asserted that his trial counsel was ineffective for failing to move to suppress pre-arrest statements he made to detectives who questioned him and his mother at the apartment they shared. In support of this assertion, Kasper argued that the questioning amounted to a custodial interrogation that occurred without benefit of a warning pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and that, in any event, the detectives employed deception in obtaining his statements, thereby rendering those statements involuntary and in violation of the Fifth Amendment. The state trial court, after conducting an evidentiary hearing, denied Kasper's motion on January 13, 2003. In doing so, the state trial court concluded that the interrogation was not custodial in nature because, at the time thereof, the detectives did not intend to arrest him and instead were simply interested in determining

2

whether he would admit to having been inside the victim's apartment. Further, the state trial court found that the detectives did not misrepresent to Kasper and his mother their reasons for wanting to talk to Kasper, and thus their conduct was not deceptive. Kasper appealed the state trial court's decision to the CCA. The CCA affirmed the state trial court's ruling in an unpublished order issued on December 9, 2004. State v. Kasper, No. 03CA0825 (Colo. Ct. App. Dec. 9, 2004). The CSC denied Kasper's petition for writ of certiorari on April 25, 2005, and the CCA issued its mandate on May 3, 2005.

Kasper initiated these federal habeas proceedings on May 31, 2005, by filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shortly thereafter, on June 8, 2005, Kasper filed an amended application for writ of habeas corpus. In his amended application, Kasper asserted four claims for relief: (1) that his trial counsel was ineffective for "fail[ing] to diligently investigate, prepare and present all relevent [sic] material evidence available in defense of the charges," ROA, Vol. I, Doc. 4 at 5; (2) that he was subjected by detectives to a custodial interrogation without benefit of a Miranda warning; (3) that the detectives used deceptive tactics when they approached and questioned him, thereby rendering his statements to them involuntarily and in violation of the Fifth Amendment; and (4) that detectives violated his Fourth Amendment rights because they entered the apartment he shared with his mother and questioned him without a warrant, in the absence of exigent circumstances, and without his voluntary consent.

On July 3, 2006, the magistrate judge assigned to the case issued an order recommending dismissal of Kasper's amended application. In that order, the magistrate

3

judge concluded that Kasper had procedurally defaulted his claim of ineffective assistance of trial counsel by failing to present it to the Colorado appellate courts. More specifically, the magistrate judge noted that Kasper presented this claim in his application for post-conviction relief, but when the state trial court denied relief on the claim, Kasper failed to appeal that ruling to the CCA or the Colorado Supreme Court, and any attempt on Kasper's part to return to state court and exhaust his state court remedies would be futile under Colorado state law. With respect to Kasper's second claim (alleging that a custodial interrogation occurred), the magistrate judge concluded that the CCA's rejection of this identical claim, on the grounds that Kasper was not "in custody" at the time of the interrogation, was not subject to reversal under the standards for federal habeas review set forth in 28 U.S.C. § 2254(d). With respect to Kasper's third claim (alleging that the detectives employed deceptive tactics, thereby rendering his statements to them involuntary), the magistrate judge noted that the CCA "identified and applied the correct governing legal princip[le]" to the claim, and that the state trial court's underlying factual determinations, with which the CCA agreed, were not unreasonable. ROA, Vol. I, Doc. 32 at 23. Finally, with respect to Kasper's fourth claim (concerning the entry of the detectives into his apartment), the magistrate judge concluded that Kasper "ha[d] failed to provide any well-pled facts or facts from which it c[ould] be inferred that the [CCA] failed to recognize or willfully refused to apply the correct and controlling constitutional standards" in examining the claim, "and no such evidence [wa]s apparent from the record." Id. at 13.

4

On April 30, 2007, Kasper filed a motion requesting leave to supplement his application with what he described as two "newly exhausted" claims for relief: (1) that the state trial court improperly instructed the jury on the elements of burglary and felony murder; and (2) Colorado's felony murder statute was unconstitutional as applied to him because the requisite intent had not been proven. On May 23, 2007, the magistrate judge issued an order recommending that Kasper's motion for leave to supplement his application be denied. In doing so, the magistrate judge noted that on April 5, 2007, the CCA, in affirming the state trial court's denial of a second application for post-conviction relief filed by Kasper, had held that the two new claims sought to be asserted by Kasper "were procedurally barred because they were successive." ROA, Vol. I, Doc. 42 at 2. The magistrate judge concluded that this constituted an independent and adequate state procedural ground that prohibited federal habeas review of the claims, and that Kasper could not demonstrate cause and prejudice to overcome the procedural bar.

On June 25, 2007, the district court issued an order adopting the recommendations of the magistrate judge, denying Kasper's motion to supplement his application, and dismissing his application for writ of habeas corpus. The district court subsequently denied Kasper a COA.

Kasper has now renewed his request for a COA with this court. Kasper has also filed a motion to proceed in forma pauperis on appeal.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336

5

(2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

After reviewing the record on appeal, we conclude that Kasper is unable to make the requisite showing for the issuance of a COA. To begin with, we fully agree with the magistrate judge and the district court that the first claim in Kasper's amended application, as well as the two "newly exhausted" claims that he sought to supplement his amended application with, were procedurally barred and that no reasonable jurist could conclude otherwise. As for the three remaining claims asserted in Kasper's amended application, we agree with the magistrate judge and the district court that Kasper has failed to establish his entitlement to federal habeas relief under the standards of review set

6

forth in 28 U.S.C. § 2254(d), and that no reasonable jurist could conclude that the district court erred in dismissing these claims or that Kasper should be allowed to proceed further on them.

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge